[No. 26547-4-I.   Division One.   March 8, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS C. BAGWELL, *Appellant.*

*Elaine Winters* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Barbara B. Linde, Deputy,* for respondent.

PER CURIAM. — Thomas Bagwell has filed a motion to modify the commissioner's ruling granting a motion on the merits to affirm the trial court. A panel of this court has considered the motion pursuant to RAP 17.7 and *State v. Rolax,* 104 Wn.2d 129, 702 P.2d 1185 (1985) and has determined that the motion should be denied.

The commissioner ruled that the prosecutor's comment on defendant's exercise of his right to remain silent, during both cross examination of defendant and closing argument to the jury, violated defendant's due process rights. The commissioner, however, granted the court's motion on the merits, finding the constitutional error was harmless beyond a reasonable doubt.

■ Bagwell does not contest the commissioner's determination that the error was harmless. Instead, Bagwell argues that RAP 18.14 does not provide authority for a commissioner to grant a motion on the merits to affirm on the basis that the error was harmless. This argument is defeated by the plain language of the rule, which provides that a motion on the merits to affirm will be granted if the appeal or any part thereof

> is determined to be clearly without merit. In making these determinations, the judge or commissioner will consider all relevant factors including whether the issues on review (a) are clearly controlled by settled law, (b) are factual and supported by the evidence, or (c) are matters of judicial discretion and the decision was clearly within the discretion of the trial court.

RAP 18.14(e)(1). Thus, so long as an appeal is clearly without merit, it may be decided as a motion on the merits.

Bagwell further argues that the harmless error rule itself is an issue upon which reasonable minds can differ, thereby precluding a ruling by a commissioner that error was harmless. In the particular context at issue in this case, however, the statement of the harmless error rule is well settled and consistently applied. First, in determining whether constitutional error is harmless, a court looks only at the untainted evidence to determine if that evidence is so overwhelming it "necessarily leads to a finding of guilt." *State v. Guloy*, 104 Wn.2d 412, 426, 705 P.2d 1182 (1985), *cert. denied*, 475 U.S. 1020 (1986). Next, in determining whether the untainted evidence is overwhelming, "the court looks to whether the defendant's credibility was at issue because he testified on his own behalf regarding disputed matters, and to whether the defendant's exculpating story was plausible." *State v. Heller*, 58 Wn. App. 414, 421, 793 P.2d 461 (1990).Our inde-pendent review of the record reveals that when reviewed for harmless error, this case is so clearly without merit that it was properly resolved as a motion on the merits.

The motion to modify is denied.