40 P.3d 692 (2002)
110 Wash.App. 283
STATE of Washington, Respondent,
v.
Archie MILLER, Appellant.
No. 47254-2-1.
Court of Appeals of Washington, Division 1.
February 19, 2002.
*693 Catherine Lynn Floit, Eric J. Nielsen, Nielsen Broman & Assoc. PLLC, Seattle, for Appellant.
Lee Davis Yates, Senior Deputy Pros. Atty., Pros. Atty. Office, Seattle, for Respondent.

PUBLISHED IN PART
BECKER, A.C.J.
Archie Miller appeals his conviction of two counts of murder in the first degree. The prosecutor, in rebuttal argument, commented that Miller had the opportunity to tailor his testimony after hearing all the other witnesses. Miller contends this was an improper comment on his constitutional right to be present at trial. A recent decision of the United States Supreme Court holds that such an argument does not violate a constitutional right. That decision effectively overrules our Washington precedent that holds to the contrary. The conviction is affirmed.
In the State's rebuttal argument, the prosecutor argued that Miller "had the opportunity to read this discovery for 18 months, that he had the opportunity to hear what every witness said, and that he had the opportunity to tailor his story to fit the evidence after he heard it all."
In State v. Johnson, we held it was improper for a prosecutor to argue to a jury that a defendant has had a "unique opportunity to be present at trial and hear all the testimony against him" because such a comment infringes on the defendant's Sixth Amendment rights to be present at trial and to confront witnesses against him. State v. Johnson, 80 Wash.App. 337, 341, 908 P.2d 900 (1996). We later limited the reach of Johnson by clarifying that the State may properly argue that the defendant has manufactured "an exculpatory story consistent with the available facts", so long as the focus of such questioning or argument is not upon the exercise of the constitutional right itself. State v. Smith, 82 Wash.App. 327, 335, 917 P.2d 1108 (1996).
The United States Supreme Court has now held that comments virtually identical to those at issue in Johnson and Smith do not violate or infringe upon any rights guaranteed by the United States Constitution. Portuondo v. Agard, 529 U.S. 61, 120 S.Ct. 1119, 146 L.Ed.2d 47 (2000). In closing argument, over defense objection, the trial court in Portuondo allowed the prosecutor to state that the defendant, "unlike all the other witnesses," had a benefit"he gets to sit here and listen to the testimony of all the other witnesses before he testifies." Portuondo, 529 U.S. at 64, 120 S.Ct. 1119. The Supreme Court rejected the argument that such comments violated the defendant's Fifth and Sixth Amendment rights to be present at trial and confront his accusers, and his Fourteenth Amendment right to due process:
In sum, we see no reason to depart from the practice of treating testifying defendants the same as other witnesses. A witness's ability to hear prior testimony and to tailor his account accordingly, and the threat that ability presents to the integrity of the trial, are no different when it is the defendant doing the listening. Allowing comment upon the fact that a defendant's presence in the courtroom provides him a unique opportunity to tailor his testimony is appropriateand indeed, given the inability to sequester the defendant, sometimes essentialto the central function of the trial, which is to discover the truth.
Portuondo, 529 U.S. at 73, 120 S.Ct. 1119.
Portuondo effectively overrules Johnson and Smith insofar as they state a different rule. Miller has offered no reason for characterizing the argument as misconduct in his case except for the rationale rejected in Portuondo. Therefore, it is not a basis for reversal.
*694 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.
COLEMAN, J., and APPELWICK, J., concur.