[No. 23963-9-II.   Division Two.   September 24, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. BRIAN JAMES BALL, *Appellant*.

*Jonathan L. Meyer*, for appellant (appointed counsel for appeal).

*Jeremy Randolph, Prosecuting Attorney*, and *J. Andrew Toynbee, Deputy*, for respondent.

---

[14]*Greengo*, 135 Wn.2d at 804.

ARMSTRONG, J. — Brian Ball appeals his Lewis County conviction for bail jumping, alleging a failure of proof. We affirm.

## FACTS

Ball was free on bail pending trial for forgery in Lewis County Superior Court. A condition of his release was to attend court appearances. On July 8, 1998, a jury convicted Ball of two counts of forgery, and he was allowed to remain free pending sentencing. The next day, July 9, the court ordered him to appear on July 29 for sentencing. But he failed to appear on July 29. Consequently, the State charged him with bail jumping.

In an abbreviated trial, the State rested after simply introducing four certified copies of documents: the information charging Ball with forgery; an order setting bail and releasing Ball on conditions, including that he appear as directed; the notice, signed by Ball, by which the court set sentencing for July 29, 1998; and a bench warrant that issued on July 29 when Ball failed to appear.

Ball moved to dismiss for the State's failure to prove an element of the crime, i.e., that he knowingly failed to appear. The trial court denied the motion. Ball then rested without putting on evidence, and the jury convicted him of bail jumping.

## ISSUE AND ANALYSIS

Ball argues, as he did below, that the State failed to prove the knowledge element of the crime of bail jumping. RCW 9A.76.170(1) provides that a person, "having been released by court order or admitted to bail with the require-

ment of a subsequent personal appearance before any court of the state, and who *knowingly* fails to appear as required[,] is guilty of bail jumping." (Emphasis added.) This means that the State "must prove beyond a reasonable doubt that [the defendant] knew, or was aware that he was required to appear at the [scheduled] hearing . . . ." *State v. Bryant*, 89 Wn. App. 857, 870, 950 P.2d 1004 (1998), *review denied*, 137 Wn.2d 1017 (1999). Thus, the issue is simple: Was Ball "aware" that he was required to appear at the sentencing hearing on July 29?

Exhibits 2 and 3 make it clear that Ball had the requisite knowledge. Exhibit 2, the Order Setting Conditions of Release on April 14, 1998, provided that Ball "shall return to court AS DIRECTED . . . ." Ball personally signed that order, right below this language: "I UNDERSTAND THAT HAVING BEEN RELEASED BY THE COURT or admitted to bail, I am required to reappear as ordered and that my failure to appear as required constitutes the crime of Bail Jumping. RCW 9A.76.170."

Exhibit 3, captioned "Notice of Trial Setting" and dated July 9, 1998, was also signed by Ball. It set his sentencing hearing for July 29, 1998, and it contained this language in bold print:

**THE DEFENDANT SHALL APPEAR FOR ALL OF THE ABOVE SCHDULED COURT HEARINGS. Failure to appear by the defendant is a crime, and may result in a bench warrant being issued authorizing the arrest of the defendant.**

Thus, Ball was clearly aware that he was required to appear at a sentencing hearing on July 29. Ball met the definition of "knowingly" in RCW 9A.08.010(1)(b)(i), because he was "aware of a fact, facts, or circumstances or result" described by the bail jumping statute, i.e., he became aware that he was required to appear in court on July 29.

Ball argues that the State had the burden of proving that, *on the precise date of the scheduled hearing*, July 29, he was aware of the duty to appear. This is not an element

of the crime. If it were, the State could prove the defendant's knowledge on each and every day leading up to the scheduled court appearance, but if it could not prove such knowledge on that particular day, the prosecution would fail. The defendant could admit knowledge on every previous day but claim to have forgotten about his duty to appear on the hearing day. The statute does not require this, only proof that Ball was aware of his obligation to appear. The State proved the knowledge element of bail jumping.

Affirmed.

BRIDGEWATER, C.J., and HUNT, J., concur.