93 P.3d 947 (2004)
122 Wash.App. 300
STATE of Washington, Respondent,
v.
George Michael CARVER, Appellant.
No. 30078-8-II.
Court of Appeals of Washington, Division 2.
July 7, 2004.
*948 Anton Laurens Knappert, Port Orchard, WA, for Appellant.
Jeremy Aaron Morris, Kitsap County Prosecutor's Office, Port Orchard, WA, for Respondent.
BRIDGEWATER, J.
George Michael Carver appeals a conviction for bail jumping for failing to appear at a CrR 3.5 hearing, arguing that he "forgot" that he was to appear. We hold that forgetfulness is not a defense. We also hold that the prosecutor did not commit prosecutorial misconduct by responding to defense counsel's arguments that forgetfulness was a defense. We affirm.
On September 19, 2002, George Michael Carver was charged with one count of second degree malicious mischief. Trial was initially set for December 23, 2002. An omnibus hearing was held on November 6, which set a CrR 3.5 status/further arraignment hearing for December 3. At the omnibus hearing, Carver signed an omnibus order, requiring him to appear for the CrR 3.5 hearing on December 3.
Carver failed to appear at the December 3 CrR 3.5 hearing. On December 4, Carver appeared with counsel, and trial was reset for February 18, 2003. A bench warrant was never issued. On February 4, 2003, the State filed an amended information adding a bail jumping charge. On February 19, the State filed a second amended information dismissing the malicious mischief charge, and the case proceeded to trial on the bail jumping charge.
During the pre-trial motions, defense counsel stated that Carver would likely take the stand and testify that he "forgot [he] was supposed to be in court." 1 Report of Proceedings (RP) (Motions in Limine & Opening Statements) (Feb. 19, 2003) at 7. Defense counsel further argued that "[t]he State has to prove that [the defendant] knowingly failed to appear," and he believed that the defense "I forgot" was relevant to the "knowingly" element because "the State has to prove that on the day in question, [the defendant] knew he was supposed to be there." 1 RP at 7. The defense also submitted a proposed jury instruction requiring that the State prove: "That on or about the 4th [sic] day of December, 2002, Defendant, GEORGE MICHAEL CARVER, knowingly failed to appear before a court." Clerk's Papers (CP) at 28.
In response, the State argued that Carver was referring to an old version of the bail jumping statute,[1] and the State was no longer required to prove that the defendant "knowingly" failed to appear. Rather, as the amended statute currently reads, the State must prove that the defendant had "knowledge *949 of the requirement of a subsequent personal appearance" and failed to appear. The State further argued that under the current version of RCW 9A.76.170, the State must prove only that Carver was given notice of his court date  not that he had knowledge of this date every day thereafter, and that "I forgot" is not a defense to the crime of bail jumping.
The court declined to give defense counsel's proposed instruction and stated: "there are some very specific cases talking about forgetting is not a defense .... the statute doesn't require that the State prove knowledge on each and every day. And the claim to have forgotten about the duty is not a defense." 2 RP (Feb. 19, 2003, Jury Trial) at 15. Instead, the court used the State's proposed to-convict instruction,[2] which provides that the State must prove "[t]hat the defendant had been released by court order with knowledge of the requirement of a subsequent personal appearance before that court." CP at 23, 41.
At trial, Carver testified that he had appeared at the omnibus hearing on November 6, 2002, and that he was given notice that he was to appear again on December 3. When questioned by counsel as to why he did not appear on that date, Carver stated, "I forgot." 2 RP at 48.
During the State's closing arguments, the prosecutor argued that the jury instructions did not permit a defense of "I forgot." 3 RP (Feb. 19, 2003, Motions & Closing Arguments) at 6. Defense counsel objected and the court overruled his objection. During the defense's closing arguments, defense counsel argued, "Mr. Carver did not knowingly fail to appear on December 3. He forgot. That's a mistake. It's not a criminal act." 3 RP at 18. Defense counsel did not refer to the amended version of the bail jumping statute during his closing.
During the State's rebuttal, the prosecutor argued:
[T]he Defense kind of states the burden a little bit differently  not the burden  the intent element. They say he didn't knowingly fail to forget. That's not what it says. It's Number 9. He has to know about the date, and then he has to fail to appear. If he knew about that date in November when he got notice of it, there's no denying he knew about that. Nowhere does it say he has to know about the date on December 3. That's not an accurate statement of the instructions.
3 RP at 20.
The prosecutor also noted that the court's instructions directed the jury to "[d]isregard any remark, statement, or argument that is not supported by the evidence or the law." 3 RP at 22. Consequently, he argued, "Every word  almost every word out of the Defendant's attorney's mouth in the closing argument is not supported by the law ... You have to ignore that entire closing argument, that entire call for sympathy." 3 RP at 22. Defense counsel again objected, and the court overruled his objection. The jury found Carver guilty as charged.
Carver contends that the prosecutor committed prejudicial misconduct when he argued to the jury during the State's closing arguments that "I forgot" is not a defense to the crime of bail jumping and that the jury should "ignore" defense counsel's entire closing argument.[3] Br. of Appellant at 9. Specifically, he argues that the current bail jumping statute still requires "knowledge" by the defendant, and the State must be required to prove that Carver had "knowledge" of the requirement of a subsequent personal appearance on December 3, 2002, or else RCW 9A.76.170 will become a "strict liability" statute. Reply Br. of Appellant at 1. In addition, he argues that, because the prosecutor instructed the jury to ignore defense *950 counsel's closing argument, the prosecutor was suggesting to the jury that "only the prosecutor has the truth and that words from `the mouth' of the defense attorney are not supported by law or facts." Br. of Appellant at 9. These arguments are without merit.
In State v. Ball, 97 Wash.App. 534, 987 P.2d 632 (1999), the defendant was convicted of bail jumping under former RCW 9A.76.170(1). He argued that the State failed to prove the knowledge element of bail jumping because it did not prove that he was aware of his duty to appear on the precise date of the scheduled hearing. Ball, 97 Wash.App. at 536, 987 P.2d 632. We affirmed his conviction, holding that knowledge on the specific date of the hearing is not an element of the crime. Ball, 97 Wash.App. at 536-37, 987 P.2d 632. Moreover, we held that if there were such a requirement: "[t]he defendant could admit knowledge on every previous day but claim to have forgotten about his duty to appear on the hearing day. The statute does not require this, only proof that Ball was aware of his obligation to appear." Ball, 97 Wash.App. at 537, 987 P.2d 632.
The current version of RCW 9A.76.170(1) provides in relevant part: "Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state ... and who fails to appear or who fails to surrender for service of sentence as required is guilty of bail jumping." (Emphasis added).
Based on a plain reading of the current version of RCW 9A.76.170, we expressly hold that the State must prove only that Carver was given notice of his court date  not that he had knowledge of this date every day thereafter  and that "I forgot" is not a defense to the crime of bail jumping.
In order to establish prosecutorial misconduct, Carver must prove that the prosecutor's conduct was improper and prejudiced his right to a fair trial. State v. Dhaliwal, 150 Wash.2d 559, 578, 79 P.3d 432 (2003). Prejudice is established only where "there is a substantial likelihood the instances of misconduct affected the jury's verdict." Dhaliwal, 150 Wash.2d at 578, 79 P.3d 432 (citing State v. Pirtle, 127 Wash.2d 628, 672, 904 P.2d 245 (1995), cert. denied, 518 U.S. 1026, 116 S.Ct. 2568, 135 L.Ed.2d 1084 (1996)). We review a prosecutor's comments during closing argument in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the jury instructions. Dhaliwal, 150 Wash.2d at 578, 79 P.3d 432; State v. Brown, 132 Wash.2d 529, 561, 940 P.2d 546 (1997), cert. denied, 523 U.S. 1007, 118 S.Ct. 1192, 140 L.Ed.2d 322 (1998). In addition, prosecutorial remarks, even if they are improper, are not grounds for reversal if they were invited or provoked by defense counsel, are a pertinent reply to his or her arguments, and are not so prejudicial that a curative instructions would be ineffective. State v. Russell, 125 Wash.2d 24, 86, 882 P.2d 747 (1994), cert. denied, 514 U.S. 1129, 115 S.Ct. 2004, 131 L.Ed.2d 1005 (1995).
In light of the fact that we consider the prosecutor's statements in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the jury instructions, the prosecutor's remarks during closing arguments were neither improper, nor prejudicial to the outcome of Carver's case. Here, the jury had been instructed that to convict Carver, the State was required to prove that he had knowledge of a subsequent personal appearance and that he failed to appear. The jury was also instructed to "[d]isregard any remark, statement or argument [by counsel] that is not supported by the evidence or the law." CP at 33. Moreover, the court informed defense counsel that "I forgot" was not a defense to a bail jumping charge and that the State was not required to prove that Carver had knowledge that he was to appear on the actual date of his hearing. Despite these rulings, defense counsel argued to the jury that the State was required to prove that Carver knowingly failed to appear and that because Carver had forgotten about his hearing, he had not committed the crime of bail jumping. The prosecutor was entitled to correct the jury, and inform it of the correct statute applicable to the case and the fact *951 that "I forgot" is not a proper defense to bail jumping.
In addition, Carver relies upon State v. Gonzales, 111 Wash.App. 276, 45 P.3d 205 (2002), review denied, 148 Wash.2d 1012, 62 P.3d 890 (2003), to support his claim of prosecutorial misconduct. In that case, the court found prejudicial misconduct when the prosecutor suggested that the defense attorney might not be a trustworthy advocate because prosecutors have an obligation to see that justice is served, whereas defense attorneys only have an obligation to their clients. Gonzales, 111 Wash.App. at 283, 45 P.3d 205. This case is distinguishable. Here, the prosecutor's instructions to the jury to "ignore" defense counsel's entire closing argument, taken alone, might suggest that only the State was conveying the facts and law accurately. However, unlike in Gonzales, the prosecutor made these remarks in response to defense counsel's misstatements of the law, and a prosecutor is "entitled to make a fair response to the arguments of defense counsel." Russell, 125 Wash.2d at 87, 882 P.2d 747. Defense counsel's only argument was that Carver "forgot" that he was to appear. Counsel did not refer to the proper version of the bail jumping statute at any time during the case, and he did not argue any of the enumerated affirmative defenses to the crime.[4] Thus, the prosecutor did not commit prejudicial misconduct when he instructed the jury to ignore defense counsel's closing arguments.
Affirmed.
We concur: MORGAN, A.C.J., and VAN DEREN, J.
NOTES
[1] RCW 9A.76.170(1) provides in relevant part: "Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state ... and who fails to appear or who fails to surrender for service of sentence as required is guilty of bail jumping." (Emphasis added).

Prior to a 2001 legislative amendment, RCW 9A.76.170(1) had stated: "Any person having been released by court order or admitted to bail with the requirement of a subsequent personal appearance before any court of this state, and who knowingly fails to appear as required is guilty of bail jumping." Former RCW 9A.76.170(1) (2000) (emphasis added).
[2] The court also instructed the jury that: "The attorneys' remarks, statements and arguments are intended to help you understand the evidence and apply the law. They are not evidence. Disregard any remark, statement or argument that is not supported by the evidence or the law as stated by the court." CP at 33.
[3] In defense counsel's initial brief, he continued to cite to the old version of RCW 9A.76.170, requiring that the State prove the defendant "knowingly fail[ed]" to appear. Br. of Appellant at 5. However, in his reply brief, counsel concedes that he had cited an outdated version of the statute.
[4] RCW 9A.76.170(2) states:

It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist.