# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | 51465-6-II |
| Respondent, | |
| v. | |
| VICTOR PASCUAL BEMEJIA, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Victor Pascual Bemejia appeals from his jury trial conviction for bail jumping.[1]  He argues the evidence was insufficient to support the conviction because the State failed to prove that he had adequate notice of the location of the specific courtroom where he was ordered to appear, inferring that the State was required to prove it gave notice of the specific courtroom as an essential element of a bail jumping conviction.  Because the State is not required to provide notice that includes a specific courtroom where the hearing will take place, Bemejia's sufficiency of the evidence argument fails.  Accordingly, we affirm.

## FACTS

In July 2015, the State charged Bemejia with several offenses.  On June 30, July 7, and August 5, Bemejia was present for three pretrial hearings.  Bemejia was in custody at the time of each of these hearings, he attended these hearing with counsel, and there was an interpreter present

---

[1] Bemejia was also convicted of possession of a controlled substance, second degree vehicle prowl, and third degree theft, but he does not challenge those convictions on appeal.

1

at each of the hearings. These three hearings were held in a courtroom located in the basement of the Clark County Courthouse.

At the August 5 hearing, the trial court granted supervised release and ordered Bemejia to appear for a review hearing at 1:30 PM on September 1. The supervised release order that Bemejia signed informed him that his "next court date" was September 1 at 1:30 PM, and the trial court and the interpreter orally advised Bemejia of the September 1 hearing. Clerk's Papers (CP) at 156 (capitalization omitted); Verbatim Report of Proceedings (RP) at 359. The release order did not, however, state the specific courtroom where the September 1 hearing would be held.

On September 1, the court called the case in a fourth floor courtroom. Bemejia did not appear, and the court issued an arrest warrant. The State amended the charges to include a bail jumping charge.

The case proceeded to a jury trial. Senior Deputy Prosecutor Jeannie Marie Bryant testified that there were 17 courtrooms in the courthouse and that when defendants are informed of the date and time of upcoming hearing dates, they are not usually told the specific courtroom where these hearings will be held. Bryant also testified that although the defendants are not initially notified of where their hearings will be, there are two "board[s]" or "video screens" in the courthouse that identify where each case is being heard. RP at 304-05. There is also an information desk on the first floor that can help defendants locate their hearings, there are printed dockets posted outside of each courtroom, and there are notices stating where the out-of-custody dockets are being held posted at each elevator. Although the dockets are in English, court staff is available to help if the defendant needs assistance finding his or her courtroom.

The jury found Bemejia guilty of bail jumping and three of the original charges. Bemejia appeals his bail jumping conviction.

ANALYSIS

Evidence is sufficient to support a conviction if, when viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). One of the elements of bail jumping is that the defendant "'knowingly failed to appear as required.'"[2] *State v. Williams*, 162 Wn.2d 177, 183-84, 170 P.3d 30 (2007) (quoting *State v. Pope*, 100 Wn. App. 624, 627, 999 P.2d 51 (2000)); RCW 9A.76.170(1). "[T]he knowledge element of the crime of bail jumping requires that the State prove beyond a reasonable doubt that the defendant knew, or was aware, that he was required to appear at the scheduled hearing." *State v. Aguilar*, 153 Wn. App. 265, 276, 223 P.3d 1158 (2009) (citing *State v. Ball*, 97 Wn. App. 534, 536, 987 P.2d 632 (1999)).

Bemejia argues that there was insufficient evidence of the knowledge element because the hearing notice he received did not identify the specific courtroom where he was ordered to appear.

Bemejia does not dispute that the State proved that he knew he was required to appear at a scheduled hearing at the courthouse. Instead, he argues that the State failed to prove the knowledge element because the notice he received did not advise him of the exact location of the courtroom

---

[2] The other elements of bail jumping are that the defendant was held for, charged with, or convicted of a particular crime, and that he or she was released by court order or admitted to bail with the requirement of a subsequent personal appearance. RCW 9A.76.170; *State v. Williams*, 162 Wn.2d 177, 183-84, 170 P.3d 30 (2007). Bemejia does not raise any issues related to these elements.

at which he was required to appear and that the due process requirements of the Fourteenth Amendment and article 1, section 3 of the Washington State Constitution require such precise notification. Br. of Appellant at 6, 8-9. But to satisfy the knowledge requirement and as the court instructed the jury,[3] the State was only required to prove that Bemejia knew that he was required to appear at the scheduled hearing, not that he knew the exact courtroom where the hearing would be held. *Aguilar*, 153 Wn. App. at 276. Because Bemejia does not dispute that the evidence was sufficient to prove that he knew that he was required to appear at the scheduled hearing and there was no evidence suggesting that Bemejia was anywhere in the courthouse at the time of his hearing, his sufficiency of the evidence argument fails.

Accordingly, we affirm the bail jumping conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MELNICK, P.J.

GLASGOW, J.

---

[3] In the to-convict instruction, the trial court instructed the jury that the State had to prove, "[t]hat the defendant had been released by court order with knowledge of the requirement of a subsequent personal appearance before that court." CP at 91.