# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52957-2-II |
| Respondent, | |
| v. | |
| CULLEN EARL THOMAS, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — A jury convicted Cullen Earl Thomas of two counts of forgery and one count of bail jumping, a felony.[1]

Thomas argues that by excluding evidence regarding the circumstances of the bail jumping charge, the trial court violated his constitutional right to testify and present a defense. Thomas also raised an issue regarding improper ex parte contact between the trial court and the jury.

We affirm.

## FACTS

The State charged Thomas with two counts of forgery. At a hearing on May 3, 2018, the trial court issued a scheduling order setting a trial readiness hearing date of August 2 and a trial date of August 6. Thomas received a copy of the scheduling order.

---

[1] The bail jumping statute, RCW 9A.76.170, has been amended since Thomas's conviction; however, the changes do not affect Thomas's conviction.

Thomas did not appear at the readiness hearing on August 2. The trial court authorized a warrant and the State subsequently added one count of felony bail jumping. Thomas made an appearance on August 3.

At trial, Thomas sought to present evidence as to the circumstances surrounding the bail jump charge. The State objected to the evidence. Specifically, Thomas sought to admit a copy of the scheduling order purportedly showing that the written appearance date was blurry. He also wanted to call his parents to explain that they all believed the readiness hearing was set for August 3, not August 2. Further, Thomas sought to call his prior defense counsel to testify that she had received a call from Thomas on August 3 regarding the readiness hearing.

Thomas argued that the evidence was admissible to show background information, context, and that he was not a "bad guy," a "scofflaw," or a "bad man." 1 Report of Proceedings (RP) at 44, 64. Thomas argued that the evidence was relevant and admissible as "strictly background" and would "fill in the gaps as to what happened so the jury doesn't fill in the gaps incorrectly with a very negative inference." 1 RP at 44, 64. Thomas also argued that he had a constitutional right to testify and present a defense, and that "fundamental fairness" required the court to admit the evidence. 1 RP 44-45. Thomas emphasized he was not putting forth any affirmative defense to the bail jumping charge.

The trial court excluded the evidence on relevancy grounds because it neither related to any element of the crime of bail jumping nor supported any defense. The trial court also ruled that the evidence was unduly prejudicial and that any possible relevance was outweighed by the potential that it would confuse the jury.

The jury found Thomas guilty of two counts forgery and one count of felony bail jumping. Thomas received a standard range sentence of 29 months for each forgery conviction and 51 months for bail jumping, all to run concurrently.

Thomas appeals.

On appeal, one issue Thomas raised involved possible ex parte contact between the trial court judge and the jury. Both parties agreed that we should remand the matter to the superior court for an evidentiary hearing on "whether any contact occurred between the trial court judge and the jury while the jury was in deliberations, and if necessary, what the contact involved." Order Striking Case From Docket, Remanding to Trial Court for Evidentiary Hr'g, and Ordering Additional Briefing (Order Striking) (June, 15, 2020). We issued a remand order on this issue and permitted the parties to file additional briefing.

After the evidentiary hearing occurred, the trial court entered findings of fact. Those uncontroverted findings show that the trial court judge who presided over the trial had no contact with jurors before or during deliberations. Thomas declined the opportunity to submit supplemental briefing.

ANALYSIS

I.     CONSTITUTIONAL RIGHT TO TESTIFY AND PRESENT A DEFENSE

Thomas argues that, by excluding evidence regarding the circumstances of the bail jumping charge, what he terms as "res gestae" evidence, the trial court violated his constitutional right to testify and to present a defense. We disagree.

A.     Legal Principles

Pursuant to *State v. Arndt*, 194 Wn.2d 784, 797-98, 453 P.3d 696 (2019), and *State v. Clark*, 187 Wn.2d 641, 648-56, 389 P.3d 462 (2017), we review constitutional challenges to evidentiary

rulings utilizing a two-step process. We first review the evidentiary ruling under an abuse of discretion standard. *Arndt*, 194 Wn.2d at 798; *Clark*, 187 Wn.2d at 648-49. We then review the constitutional question of whether the court violated the defendant's right to present a defense. *Arndt*, 194 Wn.2d at 798; *Clark*, 187 Wn.2d at 648-49. "If the court excluded relevant defense evidence, we determine as a matter of law whether the exclusion violated the constitutional right to present a defense." *Clark*, 187 Wn.2d at 648-49.

B.      No Abuse of Discretion

A trial court abuses its discretion when its decision is based on untenable grounds, an erroneous view of the law, or if it is manifestly unreasonable. *State v. Quismundo*, 164 Wn.2d 499, 504, 192 P.3d 342 (2008). Appellate courts defer to the trial court's rulings unless "'no reasonable person would take the view adopted by the trial court.'" *Clark*, 187 Wn.2d at 648 (internal quotation marks omitted) (quoting *State v. Atsbeha*, 142 Wn.2d 904, 914, 16 P.3d 626 (2001)).

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401; *see also State v. Farnsworth*, 185 Wn.2d 768, 782-83, 374 P.3d 1152 (2016). "Evidence which is not relevant is not admissible." ER 402.

"Res gestae" evidence, or evidence relating to the factual context of a crime, used to be viewed as an exception to ER 404(b), but is now viewed as falling within ER 401's definition of "relevant" evidence, which is generally admissible under ER 402. *State v. Grier*, 168 Wn. App. 635, 646, 278 P.3d 225 (2012); *see also State v. Brown*, 132 Wn.2d 529, 571, 940 P.2d 546 (1997) (holding that "res gestae" evidence is evidence that is "relevant to a material issue and its probative value must outweigh its prejudicial effect").

4

A trial court may also exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." ER 403.

To prove the charge of bail jumping, the State had to prove that Thomas was released on bail, received written notice of a required subsequent personal appearance, and failed to appear. RCW 9A.76.170(1). The State did not have to prove that Thomas knew that on the day he failed to appear, that he was required to appear. *See State v. Carver*, 122 Wn. App 300, 93 P.3d 947 (2004).

Here, Thomas sought to admit evidence that he had misread the written order and mistakenly believed his appearance was on August 3, not August 2. This evidence is irrelevant to the bail jumping charge. The other background evidence he sought to admit was also irrelevant. None of the evidence tended to make any fact consequential to the charge more or less probable.

On appeal, Thomas argues that admitting the evidence would help him gain credibility with the jury and give him a better chance of acquittal on the forgery charges. The jury would not judge Thomas as "a bad guy," "a scofflaw," or as "a bad man." 1 RP at 44, 64. This type of evidence is also inadmissible character evidence. ER 608.

The trial court did not abuse its discretion by excluding the irrelevant evidence.

C.      No Constitutional Violations

A defendant has a constitutional right to present a defense. U.S. CONST. amends. VI, XIV; WASH. CONST. art. I, §§ 3, 22; *State v. Jones*, 168 Wn.2d 713, 720, 230 P.3d 576 (2010). This right includes the right to introduce relevant and admissible evidence. *Jones*, 168 Wn.2d at 720. In Washington, a defendant also has a constitutional right "to testify in his own behalf." WASH. CONST. art. I, §§ 22.

These rights, however, are not absolute. *State v. Arredondo*, 188 Wn.2d 244, 266, 394 P.3d 348 (2017). For example, the right to present a defense "does not extend to irrelevant or inadmissible evidence." *State v. Blair*, 3 Wn. App.2d 343, 349, 415 P.3d 1232 (2018). "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988). The right to present a defense is subject to "established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973); *State v. Cayetano-Jaimes*, 190 Wn. App. 286, 296, 359 P.3d 919 (2015). Put differently, "the State's interest in excluding evidence must be balanced against the defendant's need for the information sought to be admitted." *Arndt*, 194 Wn.2d at 812.

Here, Thomas argues that the background information was important to his defense because it would have boosted Thomas's credibility, and therefore would have supported acquittal on the forgery charges. However, the exclusion of this irrelevant evidence, did not preclude Thomas's entire defense. In fact, this irrelevant evidence only went to the bail jumping charge, not the forgery charges.

The trial court neither abused its discretion by excluding evidence nor did it deprive Thomas of his constitutional right to testify and present a defense.

II. NO EX PARTE CONTACT

Thomas argued that we should remand this case for an evidentiary hearing because the trial judge made comments about contact he had with the jury. The State concurred. As a result, we remanded the matter to the superior court for an evidentiary hearing on "whether any contact occurred between the trial court judge and the jury while the jury was in deliberations, and if

necessary, what the contact involved." Order Striking. We also permitted the parties to file additional briefing.

After the evidentiary hearing occurred, the trial court entered findings of fact. Those uncontroverted findings show that the trial court judge who presided over the trial had no contact with jurors before or during deliberations. Thomas declined the opportunity to submit supplemental briefing.

Although it is improper for the trial court to have ex parte communication with the jury, *State v. Johnson*, 125 Wn. App. 443, 460, 105 P.3d 85 (2005), none occurred in this case.

The undisputed findings of fact demonstrate that the judge "did not have contact with the jurors involved in [Thomas's] trial . . . before or during deliberations." Clerk's Papers at 73. We conclude no ex parte communication with the jury occurred.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, P.J.

Glasgow, J.