[No. 22767–0–I. Division One. April 9, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. RAUL
CONTRERAS, *Appellant*.

*Ralph Hurvitz,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Raymond McFarland, Deputy,* for respondent.

FORREST, J.—Raul Garcia Contreras appeals from his conviction for assault in the second degree while armed with a deadly weapon. We affirm.

At trial, Victor Santiago–Tovar testified that at approximately 10 p.m. on October 10, 1987, he left the restaurant where he worked to drive home. As be began to pull away in his car, a car occupied by the defendant and an unidentified man blocked his exit.

The defendant and the other man then attacked him with an iron bar and a knife. Santiago–Tovar escaped his attackers and ran back to the restaurant. He told his manager, Febronio Quiroz, that he had been attacked and identified "Raul" as his attacker.

Quiroz testified that Santiago–Tovar identified Contreras as his attacker and stated that Santiago–Tovar expressed no doubt as to the identification. Defense counsel objected to the prosecutor asking Quiroz whether the victim had any doubt as to the identity of his attacker.

Contreras also testified. He stated he spent October 10 betting on horses at Longacres racetrack. He testified he was with a female friend, Brandy Hoskins, from about 7 p.m. that evening until after 2 a.m. the next morning. He

also stated he and Hoskins encountered two acquaintances, Pedro Lima and John McDaniel, at separate times during the evening. The testimony of Lima and McDaniel corroborated Contreras' testimony. The defense did not call Hoskins to testify.

The prosecutor questioned Contreras in cross examination as to why Hoskins had not testified as an alibi witness. He also commented in his closing argument about Contreras' failure to call Hoskins.

### PROSECUTORIAL COMMENT ON THE WITNESS'S ABSENCE

A defendant has a constitutional right not to testify. The courts have carefully protected that right by prohibiting prosecutorial comment thereon,[1] even though such comment may constitute harmless error.[2] The absence of a duty to call witnesses is not a specific constitutional right. It is a judicially developed corollary of the State's burden to prove each element of the crime charged beyond a reasonable doubt. In *State v. Traweek,* 43 Wn. App. 99, 107–08, 715 P.2d 1148, *review denied,* 106 Wn.2d 1007 (1986), the court recognized the significance of this distinction:

> Improper comments by a prosecutor deny the defendant a fair trial and require reversal of his conviction if there is a substantial likelihood that the comments affected the verdict. When a comment also affects a separate constitutional right, such as the privilege against self–incrimination, it is subject to the stricter standard of constitutional harmless error. That is, we must reverse unless we are convinced beyond a reasonable doubt that the evidence is so overwhelming that it necessarily leads to a finding of guilt.

(Citations omitted.)

Contreras' reliance on *Traweek,* however, is misplaced. In *Traweek,* the defendant did not testify nor did he call any witnesses. The only issue was the strength of the State's

---

[1]*State v. Sargent,* 40 Wn. App. 340, 347, 698 P.2d 598 (1985); *State v. Ramirez,* 49 Wn. App. 332, 339, 742 P.2d 726 (1987).

[2]*Griffin v. California,* 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965).

case. Under those circumstances, the reference to defendant's failure to call witnesses was clearly improper. Similarly, *State v. Fowler*[3] is distinguishable. In *Fowler,* the prosecutor emphasized in closing argument the absence of a witness who could have corroborated the defendant's testimony. The court found this error since it was "arguing evidence not at issue".[4] The facts here are very different. The defendant presented his alibi defense on direct examination, identified the uncalled alibi witness as having been his companion all evening, acknowledged she had been present at a prior trial at his request, and called other witnesses who could only partially corroborate his alibi defense.

Even where a defendant's constitutional right is involved, the Washington courts have ensured that the shield of the Fifth Amendment does not become a sword against reasonable prosecutorial argument.[5] In *State v. Ashby,* 77 Wn.2d 33, 38, 459 P.2d 403 (1969) (quoting *State v. Litzenberger,* 140 Wash. 308, 311, 248 P. 799 (1926)),[6] the court stated:

"Surely the prosecutor may comment upon the fact that certain testimony is undenied, without reference to who may or may not be in a position to deny it; and, if that results in an inference unfavorable to the accused, he must accept the burden, because the choice to testify or not was wholly his" . . ..

There is substantial federal authority holding that the prosecutor may comment on the defense's failure to call a

[3]114 Wn.2d 59, 785 P.2d 808 (1990).

[4]*Fowler,* at 66. The court's discussion of this issue is brief and no authority is cited. Despite the court's broad language, we do not interpret the opinion to establish the sweeping proposition that comment on a defendant's failure to call a witness is inappropriate under all circumstances.

[5]*State v. Ashby,* 77 Wn.2d 33, 459 P.2d 403 (1969) (prosecutor's comment that testimony was undisputed was not reversible error); *State v. Cozza,* 19 Wn. App. 623, 576 P.2d 1336 (1978) (prosecutor's comment on defendant's failure to call a named witness was not improper); *State v. Bebb,* 44 Wn. App. 803, 723 P.2d 512 (1986) (approved prosecutor's comment on defendant's failure to present handwriting testimony), *aff'd,* 108 Wn.2d 515, 740 P.2d 829 (1987).

[6]*See also State v. Crawford,* 21 Wn. App. 146, 153, 584 P.2d 442 (1978).

witness as long as a reasonable evidentiary basis exists.[7] As the court stated in *United States v. Schultz*, 698 F.2d 365, 367 (8th Cir. 1983), "[t]he prosecutor is free to comment on the failure of the defendant to call an available alibi witness." The court noted that the prosecutor had told the jury during closing argument that the defendant had no duty to call witnesses. It presumed the District Court had instructed the jury to that effect. Although the court did not hold that such instruction was indispensable, it is prudent for a prosecutor emphasizing the defendant's failure to call a witness to state that the defendant has no affirmative duty to do so. Naturally, the court on request by the defendant could so instruct the jury.

 Contreras testified that Brandy Hoskins was with him the entire evening. He also testified that Hoskins had been present at his request to testify in a prior trial. Although Contreras asserts it was equally erroneous to permit the prosecutor in cross examination and in closing argument to underscore Hoskins' absence, we see a distinction between the two. During cross examination, the prosecutor never directly asked why the defendant did not call Hoskins. In view of the State's heavy burden of proof and the instruction that a reasonable doubt may arise from lack of evidence, the prosecuting attorney was clearly entitled to show the close alignment between the defendant and Hoskins to avoid being faulted by the jury for her absence. This line of questioning was properly supplemented by the testimony of Detective Kittleson as to his inability to secure a statement from her or to serve her with a subpoena to appear at trial. The jury was entitled to know the reasons for the absence of an individual who would have been a key witness. We find no impropriety.

---

[7]*United States v. Porter*, 701 F.2d 1158, 1164 (6th Cir.), *cert. denied*, 464 U.S. 1007 (1983); *United States v. Dahdah*, 864 F.2d 55, 59 (7th Cir. 1988), *cert. denied*, 109 S. Ct. 1550 (1989).

In closing argument the prosecutor asked, "And where is she?" He continued, "You have the obvious witness that you would expect to be called not here, and it is not just like she is not around. Something fishy is going on here." We find no impropriety. When the defendant attempts to establish his theory of the case by alleging the corroborating testimony of an uncalled witness, the prosecutor is entitled to attack the adequacy of the proof, pointing out weaknesses and inconsistencies, including the lack of testimony which would be integral to the defendant's theory.[8] This is particularly justified when the defendant bears a special relationship to a potential witness.[9]

When a defendant advances a theory exculpating him, the theory is not immunized from attack. On the contrary, the evidence supporting a defendant's theory of the case is subject to the same searching examination as the State's evidence. The prosecutor may comment on the defendant's failure to call a witness so long as it is clear the defendant was able to produce the witness and the defendant's testimony unequivocally implies the uncalled witness's ability to corroborate his theory of the case. When restrictions on such prosecutorial comments are appropriate, the defendant should seek them from the court either in advance or at the time the argument is made.[10] We find no prosecutorial misconduct.

The appellant in his reply brief asserts that the court erred in ruling that Ms. Hoskins was peculiarly available to

---

[8]*See* 1 C. Torcia, *Wharton on Criminal Evidence* § 92, at 152 (13th ed. 1972).

[9]As one commentator has noted: "An unfavorable inference will . . . arise when a party fails to call . . . his 'girl–friend' . . .". 1 C. Torcia, *Wharton on Criminal Evidence* § 149, at 253–54 (13th ed. 1972), 79 (Supp. 1984); *State v. Crawford, supra.*

[10]*Fowler,* at 66.

the defendant. The superior court, in fact, was not asked to rule on this issue and did not do so.

## Propriety of Testimony as to the Victim's Certainty

Contreras asserts that the trial court erred in permitting the victim's employer, Febronio Quiroz, to answer a question as to whether the victim had any doubt concerning his identification of "Raul" as his attacker. An objection based on "speculation" was overruled. It would be a strange rule that would admit a victim's uncertain identification of his attacker, yet exclude positive identifications. In context, this was as much a description as an opinion.

 Contreras relies on ER 602,[11] which establishes a foundation requirement. As one commentator notes, "a witness may testify about the state of mind of another, so long as the witness personally witnessed events or heard statements that are relevant to prove the other person's state of mind." (Footnotes omitted.) 5A K. Tegland, Wash. Prac., *Evidence* § 218(2), at 153 (3d ed. 1989). In any event,

> a witness who has had some means of personal observation may relate the basis of his observation and then "state his opinion, conclusion, and impression formed from such facts and circumstances as came under his observation."

*State v. Jamison,* 93 Wn.2d 794, 798, 613 P.2d 776 (1980) (quoting *Ulve v. Raymond,* 51 Wn.2d 241, 253, 317 P.2d 908 (1957)). In *State v. Sargent,*[12] the court excluded the opinion of a witness because he was not personally acquainted with the person about whose state of mind he testified. Such is not the case here. The witness employed the victim, was familiar with him, and saw and heard him

---

[11] "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. . . ."

[12] 40 Wn. App. 340, 698 P.2d 598 (1985).

identify Contreras immediately following the attack. Quiroz's opinion testimony (assuming it was technically opinion testimony) was not improper. There is no lack of foundation. The assignment of error is without merit.

Affirmed.

COLEMAN, C.J., and SCHOLFIELD, J., concur.

Reconsideration denied May 14, 1990.

Review denied at 115 Wn.2d 1014 (1990).