IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30638-1-III |
| | ) | |
| Respondent and | ) | |
| Cross-Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| KURT DEAN BONSER, | ) | |
| | ) | |
| Appellant. | ) | |

ANTOSZ, J.* — Kurt Dean Bonser appeals his conviction for third degree rape of a child. He contends that the prosecutor engaged in misconduct during closing argument by focusing the jury's attention on Mr. Bonser's failure to testify. He also contends that the trial court improperly imposed an indeterminate term of community custody. We conclude that the prosecutor did not engage in misconduct during closing argument and affirm Mr. Bonser's conviction. But, we agree that the court exceeded statutory authority by imposing an indeterminate term of community custody and remand for correction.

---

* Judge John M. Antosz is serving as judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

FACTS

RMJ gave birth to a son on March 1, 2008. Mr. Bonser acknowledged that he was the child's father. Because RMJ was born on January 3, 1992, the State concluded that she was likely less than 16 at the time of conception and charged Mr. Bonser with third degree rape of a child on or about May 1 to June 30, 2007.

At trial, RMJ told the jury about her relationship with Mr. Bonser. She first met Mr. Bonser when she was 11 years old. By the time she was 15 or 16, the two began living together and became more than friends. They had sexual intercourse during the time they lived together. She could not remember if she had sexual intercourse with Mr. Bonser during the months of May or June 2007, but said that they did not live together during her pregnancy. During this time, RMJ used drugs on a daily basis and sometimes the drugs caused her to slip in and out of reality.

RMJ testified that when she first met Mr. Bonser, she lied and told him she was 16. Sometime later, police officers came to a hotel where she was staying. Mr. Bonser was present. When the police entered they said, "[W]hat are you doing running around with her, don't you know she's twelve?" Report of Proceedings (RP) at 292. According to RMJ, Mr. Bonser heard the police tell him that she was 12. Eventually, Mr. Bonser asked RMJ why the police said that she was 12. RMJ testified that she could not

2

remember how she responded except that she assured him she was not 12, but 16.

Afterward, RMJ avoided the subject of her age with Mr. Bonser and others. RMJ's true

age was revealed after she became pregnant.

Mr. Bonser did not testify. The evidentiary portion of the trial ended. Mr. Bonser

proposed the affirmative defense instruction that he reasonably believed that RMJ was at

least 16 based on RMJ's statements of her age. The State objected to this proposed

instruction, explaining that Mr. Bonser did not testify at trial, so there was no evidence of

his reasonable belief that RMJ was at least 16 years of age. The State argued that it

would have presented a much different case if it had believed that the court would give

the affirmative defense instruction. The State added that if the trial court determined that

the instruction was allowed, the case should be reopened.

The trial court instructed the jury on the affirmative defense. The instruction

included:

> It is not a defense to the charge of rape of a child in the third degree
> that at the time of the acts the defendant did not know the age of RMJ or
> that the defendant believed her to be older.
> It is, however, a defense to the charge of rape of a child in the third
> degree that at the time of the acts the defendant reasonably believed that
> RMJ was at least sixteen years of age based upon the declarations as to age
> by RMJ.

Clerk's Papers (CP) at 118. The court also instructed the jury on the absence of testimony by Mr. Bonser. Instruction 9 declared, "The defendant is not required to testify. You may not use the fact that the defendant has not testified to infer guilt or to prejudice him in any way." CP at 119.

In closing argument, defense counsel argued that RMJ continually lied about her age, so it was reasonable for Mr. Bonser to think that she was over 16 at the time they had intercourse. In rebuttal, the prosecutor told the jury,

> See, that's the thing. This—this law puts the burden on the adult to figure out the age of the younger person, except—except for the one exception of when they say something to them about their age. We have evidence of that, that she said something and [defense counsel] emphasizes that a lot in doing his job, which is probably a great way to do it; but the thing that he ignores is that we don't have any evidence of what he actually believed and all of the evidence.

RP at 484-85. Defense counsel objected, asking the court to review instruction 9 with the jury. The court overruled the objection.

The prosecutor continued,

> The evidence shows that no reasonable person would have—would have actually believed she was sixteen in his shoes, from his point of view, given the history, given what the police officers told him, given her appearance. How old did she look when she came in here?
>
> [Defense counsel] says there's no evidence that he ever—that Mr. Bonser ever heard the officer say that she was twelve. Well, actually that's what all of the evidence is. She says the police came in and told Mr. Bonser

4

she was twelve. It's uncontroverted, no other evidence on that point, that is the evidence in this case.

RP at 485. The jury found Mr. Bonser guilty of third degree rape. The court imposed a standard sentencing range of 60 months, the maximum term for this offense. The court also imposed community custody for "any period of earned early release." CP at 150.

Mr. Bonser appeals.

## ANALYSIS

*Prosecutorial Misconduct.* Mr. Bonser contends that the prosecutor's statement regarding reasonable belief is a comment on Mr. Bonser's right to silence at trial. He argues that he was the only person who could have presented testimony on the issue of his reasonable belief, so the statement refers to him and his right to silence. We disagree.

A defendant claiming prosecutorial misconduct bears the burden of establishing that the prosecutor's conduct was both improper and prejudicial. *State v. Korum*, 157 Wn.2d 614, 650, 141 P.3d 13 (2006). "In order to prove the conduct was prejudicial, the defendant must prove there is a substantial likelihood the misconduct affected the jury's verdict." *Id.*

Both the United States Constitution and the Washington Constitution grant a defendant the right against self-incrimination. *See State v. Easter*, 130 Wn.2d 228, 236, 922 P.2d 1285 (1996). The right against self-incrimination prohibits the State from

5

forcing a defendant to testify at trial. *Id.* Moreover, the State may not "make closing arguments relating to a defendant's silence to infer guilt from such silence." *Id.* A prosecutor violates a defendant's right against self-incrimination if the prosecutor makes a statement "'of such character that the jury would "naturally and necessarily accept it as a comment on the defendant's failure to testify."'" *State v. Fiallo-Lopez*, 78 Wn. App. 717, 728, 899 P.2d 1294 (1995) (quoting *State v. Ramirez*, 49 Wn. App. 332, 336, 742 P.2d 726 (1987)). A prosecutor may argue that evidence is undisputed as long as he or she does not identify the nontestifying defendant as the only person who could dispute the evidence. *Id.* at 729.

A prosecutor has wide latitude in closing argument to draw reasonable inferences from the evidence and to express such inferences to the jury. *State v. Hoffman*, 116 Wn.2d 51, 94-95, 804 P.2d 577 (1991). "When a defendant advances a theory exculpating him, the theory is not immunized from attack. On the contrary, the evidence supporting a defendant's theory of the case is subject to the same searching examination as the State's evidence." *State v. Contreras*, 57 Wn. App. 471, 476, 788 P.2d 1114 (1990). Once a defendant presents evidence, a prosecutor can fairly comment on what was not produced. *Id.*

6

Here, the prosecutor's statements are not a violation of Mr. Bonser's right to remain silent. The prosecutor's statements in closing argument regarding reasonable belief do not address Mr. Bonser's silence or infer guilt for such silence. The statements are not the type a jury would accept as a comment on Mr. Bonser's failure to testify. Nor do the prosecutor's statements refer to or imply that Mr. Bonser is the only person who could provide evidence on his reasonable belief of RMJ's age. A defendant's state of mind, including reasonable belief, may be inferred from circumstantial evidence. *See State v. Bryant*, 89 Wn. App. 857, 870-71, 950 P.2d 1004 (1998). The jury could determine Mr. Bonser reasonably believed RMJ was 16 based on circumstantial evidence, such as RMJ's statements to Mr. Bonser regarding her age.

Instead, the prosecutor's statements refer to the affirmative defense asserted by Mr. Bonser and the requirement that the defendant must prove by a preponderance of the evidence that at the time of the offense the defendant reasonably believed the alleged victim to be the age alleged by the victim. *See* RCW 9A.44.030(2).

Furthermore, Mr. Bonser invited the prosecutor's statements by commenting on Mr. Bonser's belief during his closing statement. Defense counsel argued, "Given the circumstances, given the lifestyle, given the misrepresentations and the lies is it reasonable for [Mr. Bonser] to think that she was over sixteen? Yes. Unequivocally

7

yes." RP at 469. Once Mr. Bonser identified the evidence that showed reasonable belief, the prosecutor was able to comment on what evidence was not produced.

Therefore, the prosecutor's statements in closing argument do not address Mr. Bonser's silence or infer guilt for such silence. The prosecutor's argument was not improper. The trial court did not err in overruling Mr. Bonser's objection in this matter. Mr. Bonser failed to establish prosecutorial misconduct based on the closing argument.

*Community Custody.* Mr. Bonser contends that the court exceeded its statutory authority by imposing an indeterminate term of community custody. The State concedes this issue. We agree.

A sentencing court's application of the community custody provisions of chapter 9.94A RCW is reviewed de novo. *State v. Motter*, 139 Wn. App. 797, 801, 162 P.3d 1190 (2007).

"A trial court may impose only a sentence which is authorized by statute." *State v. Barnett*, 139 Wn.2d 462, 464, 987 P.2d 626 (1999). Third degree rape of a child is a class C felony, for which the maximum sentence is five years. RCW 9A.20.021(c); RCW 9A.44.079(2). In sentencing a sex offender, the court is generally required to impose a three-year term of community custody. RCW 9.94A.701(1)(a).

A community custody term specified by RCW 9.94A.701 shall be reduced when the offender's combined term of confinement and community custody exceed the statutory maximum for the crime. RCW 9.94A.701(9). "The [Sentencing Reform Act of 1981, chapter 9.94A RCW] requires courts to impose a 'determinate sentence,' defined as 'a sentence that states with exactitude the number of actual years, months, or days of total confinement, of partial confinement, [or] of community custody.'" *State v. Winborne*, 167 Wn. App. 320, 324 n.4, 273 P.3d 454 (quoting RCW 9.94A.030(18)) (some alterations in original), *review denied*, 174 Wn.2d 1019, 282 P.3d 96 (2012).

The trial court exceeded its statutory authority by imposing an indeterminate term of community custody. Mr. Bonser's term of community custody equal to "any period of earned early release" is an indeterminate sentence. CP at 150. Remand is appropriate for correction of the community custody term in the judgment and sentence.

Mr. Bonser's conviction is affirmed, but this case is remanded to the trial court to correct the community custody term.

No. 30638-1-III
*State v. Bonser*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Antosz, J.P.T.

WE CONCUR:

_____   _____
Siddoway, C.J.                            Fearing, J.