# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46147-1-II |
| Respondent, | |
| v. | |
| DAVID L. NEWLAND, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – David Newland appeals his conviction of third degree assault, which arose

from an incident where he assaulted a police officer investigating a complaint that Newland's

adult son had sexually abused a child. We hold that (1) the trial court did not abuse its discretion

in admitting limited evidence regarding the sexual abuse investigation, (2) the trial court did not

err in denying Newland's motion for a mistrial after the State's lead witness violated in limine

restrictions on sexual abuse testimony, and (3) the prosecutor did not engage in misconduct

during rebuttal closing argument by commenting on a witness that Newland failed to call at trial.

Accordingly, we affirm Newland's conviction.

## FACTS

On January 10, 2013, Clark County Sheriff's Detective Brendon McCarthy and Child

Protective Services (CPS) social worker Kim Karu went to Newland's son's residence to conduct

a welfare check on Newland's granddaughter, EM, because of allegations that Newland's son

previously had sexually abused EM's older sister. As McCarthy and Karu arrived at the

residence, Newland also arrived in his own vehicle. Newland directed them to the home and EM's mother, Melanie Newland,[1] let them in the house.

When Newland discovered that McCarthy was a law enforcement officer, he told McCarthy that he could not talk with EM. McCarthy replied that he could talk to EM and that he was there to check on her safety. Newland then walked up to McCarthy, put his face in McCarthy's face, and yelled at him to sit down. McCarthy tried to move Newland back by pushing on Newland's shoulder. Newland responded by throwing his elbow at McCarthy's face. The attempt missed, but McCarthy took Newland to the ground and subdued him.

During this altercation, Melanie called 911. She told the 911 operator that a police officer was attacking her father-in-law.

The State charged Newland with third degree assault; specifically, with intentionally assaulting a law enforcement officer who was performing his official duties at the time of the assault. Before trial, Newland moved to exclude evidence of allegations of sexual abuse against his son. He argued that the evidence was not relevant to whether an assault took place and was prejudicial because it made it appear that he was protecting a pedophile.

The trial court ruled that certain evidence regarding the allegations would be admissible because it was relevant to explain why McCarthy and Karu were at the residence, to show that McCarthy was working in his capacity as a law enforcement officer, and to show Newland's motive of protecting his son. However, the trial court ruled in limine that the State could not identify the victim or specifically discuss the allegations. The trial court also limited the testimony to evidence "that the law enforcement was there to investigate welfare, based upon a

---

[1] For sake of clarity, we refer to Melanie Newland as "Melanie" hereafter. We intend no disrespect.

2

report of a third party of alleged sexual abuse from a substantial time earlier." 1 Report of

Proceedings (RP) at 34. The trial court acknowledged that the evidence was somewhat

prejudicial, but it offered Newland a limiting instruction.[2]

During McCarthy's cross-examination, Newland asked him if he felt stupid for pushing

Newland down. McCarthy explained:

> I felt stupid because in trying to be accommodating to Mr. Newland, I let him into
> the house, I took off my shoes, okay, and I allowed that situation to be there, and I
> felt stupid because it -- when he came up to me it became clear why he was there,
> which was to interfere with the investigation, to prevent us from talking to the 11-
> year-old when *I had substantial criminal -- or credible evidence that his son had
> raped . . . his granddaughter*.

2 RP at 315-16 (emphasis added). Newland objected, and the trial court instructed the jury to

disregard "that last remark from the witness." 2 RP 316. Newland moved for a mistrial. The trial

court denied the motion, reasoning that any harm was minimal, it instructed the jury to disregard

the remark, and issued a jury instruction instructing the jury to disregard anything the trial court

told it to disregard.

During the trial, the State stated that if Newland called Melanie as a witness, it intended to

cross-examine her about the sexual abuse allegations against her husband. The next day, Newland

announced that he would not be calling Melanie as a witness because of the State's intended cross-

examination. Newland then asked the trial court to preclude the State from making any suggestion

that Newland should have called Melanie as a witness. The State agreed not to make any such

argument.

During rebuttal closing argument, in discussing the 911 recording, the prosecutor said, "We

don't know what she [Melanie] saw." 3 RP at 521. And he repeated this theme, stating, "We have

---

[2] Newland refused any limiting instruction.

no idea what direction she was looking," "[b]ut we have no idea what she saw before seeing him on the ground," and "[c]ounsel says it's the source but we don't have really any information at all from that source." 3 RP at 522-23. The trial court overruled Newland's objections to these statements.

The jury found Newland guilty. Newland appeals.

ANALYSIS

A.    ADMISSION OF SEXUAL ABUSE ALLEGATIONS

Newland claims that he was denied his constitutional right to a fair trial because the trial court allowed the State to present evidence regarding the sexual abuse allegations against his son. He concedes that this evidence was relevant, but he argues that it was inadmissible under ER 403 because its unfair prejudicial effect substantially outweighed any probative value.[3] We disagree.

ER 403 allows a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Prejudice is "unfair" if it is more likely to arouse an emotional response than a rational decision by the jury and creates an undue tendency to suggest a decision on an improper basis. *State v. Haq*, 166 Wn. App. 221, 261-62, 268 P.3d 997 (2012).

We review a trial court's evidentiary rulings for an abuse of discretion. *Id.* A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *Id.* at 262.

---

[3] Newland also argues on appeal that the evidence was inadmissible under ER 404(b). However, he did not make this objection at trial, and therefore we do not consider this argument. RAP 2.5(a).

Here, the trial court recognized that evidence regarding the allegation of sexual abuse against Newland's son was relevant to show the circumstances surrounding the incident and Newland's possible motive for interfering with a law enforcement officer. The trial court also acknowledged that the evidence could be prejudicial, but believed that any prejudice could be cured with a proper instruction to the jury. Further, the trial court carefully limited the evidence the State could present while admitting enough evidence "to give the jury enough information so that they're not having so many question marks that they're filling that in with incorrect information which could be prejudicial to either side." 1 RP at 32.

Newland relies on *State v. Cameron*, 100 Wn.2d 520, 674 P.2d 650 (1983). In that case, the trial court allowed the State to introduce evidence that pubic hair found on the victim matched Cameron's even though Cameron twice had confessed to killing the victim. *Id*. at 527-28. The court held that the evidence was unnecessary for identifying Cameron and unfairly prejudicial because it suggested a possible sexual attack or sexual abuse for which there was no basis in the record. *Id*. at 529. But here, the trial court did not allow any evidence implicating Newland as a pedophile as in *Cameron*. And while the evidence may have shown that Newland was trying to protect his son, most jurors would not draw a negative inference from that or base their verdicts on such an impermissible inference.

Newland also relies on *State v. Trickler*, 106 Wn. App. 727, 25 P.3d 445 (2001). In that case, the State introduced evidence that Trickler possessed stolen property as res gestae even though he was only charged with possession of stolen credit cards. *Id*. at 733. Division Three of this court held that this was error because the admitted evidence, 16 pieces of stolen property, violated ER 404(b) by depicting Trickler as a thief. *Id*. at 733-34. Here, the trial court did not

allow the State to introduce evidence that Newland had committed other crimes as in *Trickler*. The evidence suggested that allegations of sexual abuse had been made against Newland's son.

The trial court has broad discretion to weigh the probative value of evidence against any prejudice effect, and therefore we give deference to a trial court's ER 403 ruling. *State v. Hawkins*, 157 Wn. App. 739, 750, 238 P.3d 1226 (2010). We hold that the trial court did not abuse this discretion in allowing the State to introduce limited evidence about the sexual abuse allegations against Newland's son.

B.    VIOLATION OF IN LIMINE RULING

Newland argues that the trial court erred in denying his mistrial motion after McCarthy violated in limine restrictions on evidence of sexual abuse by testifying that he had substantial criminal or credible evidence that Newland's son raped Newland's granddaughter. We disagree.

We review a trial court's decision to deny a motion for a mistrial for an abuse of discretion. *State v. Emery*, 174 Wn.2d 741, 765, 278 P.3d 653 (2012). In evaluating this claim, we consider (1) the seriousness of the irregularity, (2) whether the irregularity involved cumulative evidence, and (3) whether the trial court instructed the jury to disregard the evidence. *Id.* These factors are considered with deference to the trial court because the trial court is in the best position to discern prejudice. *State v. Garcia*, 177 Wn. App. 769, 777-78, 313 P.3d 422 (2013). A trial court should only grant a mistrial if there is such prejudice that nothing short of a mistrial will ensure the defendant a fair trial. *Emery*, 174 Wn.2d at 765. And an abuse of discretion will be found for denial of a mistrial only when no reasonable judge would have reached the same conclusion. *Id.*

Here, the trial court acknowledged that McCarthy violated its in limine restrictions. However, the consideration of the three mistrial factors shows that the trial court did not abuse

its discretion. First, the irregularity was not particularly serious because McCarthy's statement was brief and the State did not reference it again. Further, the allegation impugned Newland's son and not Newland directly. Second, the evidence was cumulative because the jury already was aware that the State was investigating Newland's son for sexual abuse. Third, the trial court instructed the jury to disregard the statement. We presume that juries follow the court's instructions and consider only evidence that is properly before them. *State v. Perez-Valdez*, 172 Wn.2d 808, 818-19, 265 P.3d 853 (2011).

Newland argues that the detective's statement coupled with all the other testimony about child sexual abuse created incurable prejudice. We disagree. As discussed above, the trial court admitted limited testimony about the reason for the home visit. And while McCarthy and Karu provided background information about their roles in investigating sexual abuse, this did not create unfair prejudice against Newland. Nothing in the record suggests that the jury did anything other than evaluate whether Newland attempted to strike McCarthy.

We hold that the trial court did not abuse its discretion in denying Newland's motion for a mistrial.

C.      COMMENT ON NEWLAND'S FAILURE TO CALL A WITNESS

Newland argues that the prosecutor's rebuttal argument constituted misconduct because it improperly shifted the burden of proof by suggesting that Newland had failed to produce Melanie as a witness. We disagree.

A prosecutor may commit misconduct during closing argument by mentioning that the defendant failed to present witnesses or by stating that the jury should find the defendant guilty simply because he did not present evidence to support his defense theory. *State v. Jackson*, 150 Wn. App. 877, 885, 209 P.3d 553 (2009). But "[t]he mere mention that defense evidence is

7

lacking does not constitute prosecutorial misconduct or shift the burden of proof to the defense."
*Id*. at 885–86.

Where, as here, the defendant advances a theory to exculpate him, the theory is not immunized from attack. *State v. Contreras*, 57 Wn. App. 471, 476, 788 P.2d 1114 (1990). The evidence supporting the defendant's theory of the case is subject to the same searching examination as the State's evidence. *Id.* And a prosecutor generally is permitted to make arguments that were invited or provoked by defense counsel and are in reply to his or her acts and statements. *State v. Russell*, 125 Wn.2d 24, 86, 882 P.2d 747 (1994).

Here, the prosecutor's rebuttal argument did not suggest that Newland had failed to call Melanie as a witness. Instead, the argument addressed Newland's argument that Melanie's 911 transcript was the best evidence. Newland argued during closing:

> Some people say that water is purest at its source, okay? So if there's a spring outside of Washougal up on the hill up there somewhere, that water's bubbling out of that spring coming out of the ground, that's pure water, safe for all of us to drink. Right out of the ground, okay. But that water travels downhill and it picks up dirt, maybe giardia or whatever else as it hits the Washougal River, and then it slides out to the Columbia, and we all know what the Columbia looks like. Nobody wants to drink from the Columbia, right? By the time it hits the Columbia it's soiled, it's dirty, it doesn't make -- and, and it starts to change, change in its purity. Melanie Newland's statement is the source. Her statement's made at the source. When this thing is happening as it's happening, without opportunity for deliberation, forethought, fabrication, without that statement being soiled and tarnished by time and self-interest. I'd ask you to listen to it one more time.

3 RP at 517.

The prosecutor argued that the 911 call was not the best source of evidence and that the jury should discount this claim. The prosecutor explained that the 911 recording did not show what Melanie saw before McCarthy and Newland were on the ground:

> Counsel says this is the source; we should put a lot of stock in this 911, but, we don't know what she saw. And this assault went down really fast. This elbow

8

being thrown, probably just a split second. We have no idea which direction she was looking. . . . But we have no idea what she saw before seeing him on the ground.

3 RP at 521-22. In other words, the prosecutor argued that the 911 tape neither corroborated nor disproved Newland's claim. This argument was not improper.

The prosecutor did not impermissibly comment on Newland's failure to call a witness. Instead, the prosecutor's rebuttal argument properly responded to Newland's closing argument. Accordingly, we hold that the prosecutor did not engage in misconduct.

We affirm Newland's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

BJORGEN, A.C.J.

LEE, J.