IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34966-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE RAFAEL CASTRO-LINO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jose Castro-Lino appeals his conviction for second degree rape, arguing that his trial counsel was ineffective because he (1) prevented Mr. Castro-Lino from taking the stand in his own defense and (2) failed to challenge alleged prosecutorial misconduct. Finding no prejudicial error, we affirm.

FACTS

The charge arose after a night of heavy drinking by Mr. Castro-Lino, his fiancée's son, and a group of the son's friends. While the son and several of his friends—including the victim—were under the age of 21, the defendant was nearly 30. The party wound

down at Mr. Castro-Lino's residence, with many of the younger partygoers ultimately sleeping there.

The victim, M.L., went to sleep on her stomach on a bed in the basement beside one her friends. While asleep, she was slightly awakened by what she described as "penetration." Drowsy, she thought nothing of it and rolled over onto her back and returned to sleep. She soon again felt penetration and woke up due to pain. She opened her eyes and saw Mr. Castro-Lino on top of her. Upon seeing her open eyes, he stood up and left the basement. Anal swabs subsequently revealed sperm belonging to Mr. Castro-Lino.

The defense called Hamed Mohamud to describe his observations of the evening's events. He testified that in the early morning he saw Castro-Lino and M.L. holding each other on the basement bed. This angered him because the defendant was engaged. The defendant did not testify, but his statement to police that he was too drunk to remember the night's events was entered at trial. After a recess for consultation, the defense rested after Mohamud's testimony without the defendant taking the stand. The defense also declined to call its expert to testify concerning memory and intoxication.

The prosecutor began his closing argument by calling the defendant "a predator who abused and violated" M.L. while she was intoxicated. In closing, defense counsel stated that his client was not a predator, but had made two mistakes by getting very drunk

and cheating on his fiancé. He stressed how vague the victim's testimony had been and the fact that she, too, was intoxicated.

The jury found the defendant guilty of second degree rape. Defendant retained new counsel and moved for a new trial, arguing that his original counsel had prevented him from testifying. Trial counsel also testified at the hearing and explained that although Mr. Castro-Lino originally had been planning to testify, plans changed after Mr. Mohamud testified. Counsel and his client consulted before resting and decided that the testimony of both the defendant and the expert were now unnecessary. Mr. Castro-Lino testified that he had wanted to testify, but accepted his attorney's advice not to do so based on their belief the defense would win. Report of Proceedings (RP) (May 29, 2015) at 57-58.

The trial court rejected the motion, noting both that the defendant was not denied the opportunity to testify by counsel and that the defendant had never indicated the subject matter of his proposed testimony. *Id.* at 68-69. Mr. Castro-Lino then timely appealed.

## ANALYSIS

On appeal, Mr. Castro-Lino challenges both the substance of the court's ruling on the CrR 7.5 motion and his new counsel's handling of the motion, and also challenges his counsel's failure to object to portions of the prosecutor's closing arguments. We address first the new trial motion and then the prosecutor's argument.

3

No. 34966-7-III
*State v. Castro-Lino*

*CrR 7.5 Motion*

Mr. Castro-Lino attacks both the trial court's ruling on the motion and his new counsel's failure to elicit testimony concerning what he might have been able to testify about at trial. These challenges are easily resolved by the fact that his motion failed due to his own testimony.

The principles governing the three areas of law implicated by these claims are quite well settled. First, we note that a trial court's decision to grant a new trial is reviewed for abuse of discretion. *State v. Marks*, 71 Wn.2d 295, 302, 427 P.2d 1008 (1967). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Discretion also is abused when a court uses an incorrect legal standard in making a discretionary decision. *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995). "The question is not whether this court would have decided otherwise in the first instance, but whether the trial judge was justified in reaching his conclusion." *State v. Taylor*, 60 Wn.2d 32, 42, 371 P.2d 617 (1962).

Equally well settled is the law governing claims that counsel prevented his client from testifying. Criminal defendants have a federal and state constitutional right to testify on their own behalf. *State v. Robinson*, 138 Wn.2d 753, 757-758, 982 P.2d 590 (1999). It is the defendant, not trial counsel, who makes the ultimate decision about whether to testify. *State v. Thomas*, 128 Wn.2d 553, 558, 910 P.2d 475 (1996).

4

Following trial, a silent defendant may present a claim that counsel prevented him from testifying. *Id.* at 561. A silent defendant must show that his attorney prevented him from testifying despite "unequivocal demands" from the defendant to do so. *Robinson*, 138 Wn.2d at 764. If defense counsel advises a defendant not to testify, and the defendant accepts that advice, the silent defendant cannot subsequently claim his right to testify was violated because he followed counsel's advice. *Id.* at 763; *State v. Hardy*, 37 Wn. App. 463, 466-467, 681 P.2d 852 (1984); *State v. King*, 24 Wn. App. 495, 499, 601 P.2d 982 (1979).

Finally, long settled standards govern ineffective assistance of counsel claims. An attorney's failure to perform consistent with the standards of the profession will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts evaluate counsel's performance using a two-prong test that requires determination whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-692. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726, *review denied*, 162 Wn.2d 1007 (2007).

The new trial ruling is resolved by the defendant's own testimony. He agreed with trial counsel's advice not to testify, and, thus was not prevented from testifying. He cannot now challenge that decision. *Robinson*, 138 Wn.2d at 764-765; *Hardy*, 37 Wn. App. at 466-467; *King*, 24 Wn. App. at 499.

The trial court had a very tenable basis for denying the motion—the defendant was never prevented from testifying. He merely acceded to his counsel's advice. For that reason, we also need not consider whether counsel erred in failing to elicit a summary of the defendant's proposed testimony. If that was error in the presentation of the argument, it was clearly not prejudicial error since the motion failed due to the fact that the defendant agreed he was not prevented from testifying at trial.

The court did not abuse its discretion in rejecting the CrR 7.5 motion.

*Prosecutor's Argument*

Appellant next argues that his trial counsel provided ineffective assistance by failing to object to several of the prosecutor's statements made during closing arguments. He fails to establish prejudicial error.

The standards for reviewing this type of alleged error in closing argument are also well settled. Mr. Castro-Lino's arguments implicate several types of claims that have been discussed over the years. The general rule is that a prosecutor can properly draw reasonable inferences from the evidence admitted at trial and argue those inferences to the jury. *State v. Hoffman*, 116 Wn.2d 51, 94-95, 804 P.2d 577 (1991); *State v. Hale*, 26

6

Wn. App. 211, 216, 611 P.2d 1370 (1980), *review denied*, 95 Wn.2d 1030 (1981). The

prosecutor can also argue that the evidence does not support the defendant's theory of the

case. *State v. Russell*, 125 Wn.2d 24, 87, 882 P.2d 747 (1994). "'Mere appeals to jury

passion and prejudice, as well as prejudicial allusions to matters outside the evidence, are

inappropriate.'" *State v. Belgarde*, 110 Wn.2d 504, 507, 755 P.2d 174 (1988) (quoting

*State v. Belgarde*, 46 Wn. App. 441, 448, 730 P.2d 746 (1986)). However, the defendant

must object to the prosecutor's allegedly improper argument to preserve a claim of error

unless the argument was so "flagrant and ill intentioned that no curative instructions

could have obviated the prejudice." *Id.* When improper argument is alleged, the defense

bears the burden of establishing the impropriety of the prosecuting attorney's comments

as well as their prejudicial effect. *Hoffman*, 116 Wn.2d at 93.

In determining whether prosecutorial comments have denied the defendant a fair

trial, a reviewing court must decide whether the comments are improper and, if so,

whether there is a substantial likelihood that the comments affected the verdict. *State v.

Reed*, 102 Wn.2d 140, 145, 684 P.2d 699 (1984). "Allegedly improper arguments should

be reviewed in the context of the total argument, the issues in the case, the evidence

addressed in the argument, and the instructions given." *State v. Graham*, 59 Wn. App.

418, 428, 798 P.2d 314 (1990). A failure to object to an improper remark constitutes a

waiver unless the comment is flagrant and ill intentioned and the resulting prejudice so

enduring that jury admonitions could not neutralize its effect. *State v. Charlton*, 90 Wn.2d 657, 661, 585 P.2d 142 (1978).

It also is inappropriate for a prosecutor to suggest that the defendant bears any burden of proof. *State v. Fiallo-Lopez*, 78 Wn. App. 717, 728-729, 899 P.2d 1294 (1995). However, once a defendant presents evidence, a prosecutor can fairly comment on what was not produced. *State v. Barrow*, 60 Wn. App. 869, 871-873, 809 P.2d 209 (1991); *State v. Guizzotti*, 60 Wn. App. 289, 298, 803 P.2d 808 (1991); *State v. Contreras*, 57 Wn. App. 471, 788 P.2d 1114 (1990).

Appellant does not directly attack the prosecutor's statements, but indirectly does so through an allegation that trial counsel provided ineffective assistance. There was no need to take that approach. If the prosecutor significantly erred in argument, the error is directly reviewable. *E.g.*, *Belgarde*, 110 Wn.2d at 507; *Charlton*, 90 Wn.2d at 661. If the prosecutor did not significantly err in argument, presenting a derivative claim of ineffective assistance will be of no avail since *Strickland* requires proof of actual prejudice.[1] Accordingly, we will turn to the arguments without viewing them through the obscuring veil of an ineffective assistance analysis.

---

[1] Indeed, since appellant would also have to show that his trial counsel erred by not objecting, it is more burdensome for an appellant to try to establish ineffective assistance than to establish misconduct by the prosecutor.

Here, Mr. Castro-Lino alleges the prosecutor committed misconduct when he: (1) used inflammatory and prejudicial language by referring to Mr. Castro-Lino as a predator and recounting details of M.L.'s sexual assault examination, (2) vouched for M.L.'s credibility by telling the jury they should believe her testimony, (3) shifted the burden of proof by faulting Mr. Castro-Lino for not providing evidence M.L. was lying, and (4) misstated the State's burden of proof when he erroneously defined what constitutes proof beyond a reasonable doubt. We discuss each allegation in turn.

Whether the prosecutor actually used inflammatory and prejudicial language is not a question we need decide here since the remarks were not prejudicial. Defense counsel embraced the term "predator" and turned it around, emphasizing that his client made a mistake by cheating on his fiancé with the victim. It played directly to the defense theme of the case—a voluntary sexual encounter fueled by alcohol consumption rather than a rape by an older man of an incapacitated female. Similarly, the prosecutor quite understandably cited to the examination results to prove that sexual intercourse occurred and merely recited the nurse's unchallenged testimony. It was not improper to cite to the testimony.

Appellant next contends that the prosecutor vouched for M.L. He did not. The argument made by the prosecutor shows the context:

> So in this case if all the evidence that the State had was simply [M.L.'s] testimony, *and if you believed her testimony, as you should, given the*

> *evidence,* that alone, her testimony alone would be enough evidence for you to find him guilty.
>
> Now, obviously in this case we have more evidence than that, but I point that out because *if you find her credible, if you believe what she has related to you,* which has been consistent throughout, which links up with the other evidence, that alone is sufficient for you to find the Defendant guilty. But obviously there's more evidence in this case.

RP (April 9, 2015) at 418-419 (emphasis added). The prosecutor clearly pointed out that the evidence supported the victim's testimony and that it, alone, was enough to prove the case. He did not vouch for M.L., but tied her credibility to the evidence before the jury.

Appellant also contends that the prosecutor impermissibly shifted the burden to the defense when he argued that there was no evidence presented showing M.L. had a motive to lie about Mr. Castro-Lino. This argument was a proper rebuttal to the defense argument that M.L. was lying about the incident. *Guizzotti*, 60 Wn. App. at 298. It is not burden-shifting to point out that evidence does not support a defense argument.

Finally, Mr. Castro-Lino argues that the prosecutor misstated the burden of proof when he concluded his initial argument by reciting portions of the burden of proof instruction to the jury and telling them they had a "duty" to convict the defendant if they had an abiding belief in his guilt after considering the evidence. There was no error. The prosecutor properly recited portions of jury instruction 3 defining reasonable doubt, and then referenced (without citing) the concluding line of jury instruction 8, which told jurors that if all of the elements were proven beyond a reasonable doubt, it was their "duty" to convict. Clerk's Papers at 175, 180; RP 424-425.

No. 34966-7-III
*State v. Castro-Lino*

Again, there was no error. Mr. Castro-Lino does not directly attack the jury instructions and we can conceive of no situation where a prosecutor accurately reciting the instructions somehow engages in misconduct. This contention is without merit.

Mr. Castro-Lino has not established that the remarks that he now challenges constituted prejudicial error. Accordingly, the conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

11