# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JEFFREY EUSSEN, Personal Representative of the Estate of Myurlin J. Eussen, | No. 49722-1-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| JANICE L. PARKER, | |
| Respondent. | |

MAXA, A.C.J. – Jeffrey Eussen, acting as personal representative for the estate of his mother Myurlin Eussen, appeals the trial court's order dismissing his Trust and Estate Dispute Resolution Act (TEDRA)[1] petition. Jeffrey[2] claims that the money in a joint bank account that Myurlin opened with her daughter (and Jeffrey's sister) Janice Parker and Janice's husband, Wes Parker, is an estate asset.

RCW 30A.22.100(3) provides that funds belonging to a deceased bank depositor in a joint account with "right of survivorship" generally belong to the surviving depositors. The trial court found that Myurlin, Janice, and Wes created a joint account with right of survivorship and therefore that the money in the account belonged to the Parkers upon Myurlin's death.

---

[1] Ch. 11.96A RCW.

[2] For clarity this court refers to the parties by their first names. No disrespect is intended. Janice and Wes are referred to collectively as the Parkers.

We hold that (1) the evidence supports the trial court's finding that the account was with a right of survivorship, and (2) the trial court did not abuse its discretion in declining to award attorney fees to Jeffrey. Accordingly, we affirm the trial court's order dismissing the TEDRA petition. In addition, we exercise our discretion under RCW 11.96A.150 and award reasonable attorney fees on appeal up to $5,000 to the Parkers.

FACTS

*Joint Bank Account*

On October 6, 2005, Myurlin, Janice, and Wes opened a certificate of deposit account at a Key Bank branch in Graham.[3] Myurlin deposited $90,000 into the account. A document creating the account listed the ownership as joint, but did not expressly state whether the account was with or without survivorship. However, the deposit receipt from the initial deposit of money into the account had a check mark next to "joint with right of survivorship."

On March 4, 2015, Myurlin died intestate. At the time of her death, the balance in the joint account was $106,284.84. Janice gathered Myurlin's money from different accounts, including the joint account at issue, and after paying some bills had a total of $126,152.22. Janice then distributed the money to family members. She sent $5,000 to each of her two siblings, sent $15,000 to each of Myurlin's seven grandchildren, and kept the remaining $11,152.22.

---

[3] Myurlin, Janice, and Wes also opened a second joint account with an account number ending in 4589. On appeal, Jeffrey does not challenge the ownership of that account.

In a July 2015 letter Janice wrote to her siblings about the distribution, she referred to the money as Myurlin's money. Janice stated that Myurlin had not left any instructions about her money, but that Janice was comfortable with the distribution of the money.

*TEDRA Petition*

Jeffrey filed a probate action. He then filed a separate TEDRA petition in which he sought to have the joint bank account classified as a probate asset.[4] At the same time, Jeffrey filed a motion for a hearing on the merits along with a declaration from counsel attaching documents.

In opposition to Jeffrey's motion for a hearing on the merits, Janice submitted a declaration in which she stated that the account was set up as a joint account with right of survivorship. She testified that the intent of the parties to establish a right of survivorship was demonstrated by the deposit receipt, which was executed at the same time the account was set up. She stated,

> I have been to the Graham Branch of Key Bank and I have personally seen the original documents used to open the account including a deposit receipt that clearly shows that a check mark has been put in the box indicating that the account was set up as a joint account with right of survivorship. *That is what was intended by all three of us when the account was set up. I know this as I was there.*

Clerk's Papers (CP) at 137 (emphasis added). Janice concluded, "Plain and simple, a joint account with right of survivorship was opened." CP at 138.

Wes also submitted a declaration. He stated, "I was there when the account was opened. It was opened as a joint account with right of survivorship." CP at 133.

---

[4] The petition named Janice as the respondent. Wes apparently was added as a respondent on Janice's motion, although there are no pleadings in the record reflecting this addition.

In addition, the Parkers submitted the transcript from the deposition of the current manager of the Graham branch, Karen Dole. Dole testified that she did not begin working at the bank until November 2005, and therefore she did not know what was discussed when the account was opened. But Dole was familiar with the bank's standard procedures for opening a joint account. She stated that the bank considers any joint account to automatically include a right of survivorship while admitting that she did not know if depositors were given a choice in October 2005 when this account was opened.

Regarding the deposit receipt, Dole noted that someone at the bank had checked the box next to "joint with right of survivorship." She said that a bank employee would not check that box without asking the customers what their intentions were. In his reply, Jeffrey argued that Dole's testimony was inadmissible because she lacked personal knowledge of the account.

The trial court held a hearing in which it heard argument from counsel regarding the ownership of the joint bank account. The trial court entered an order in which it found that the parties intended to establish a joint account with right of survivorship. The court dismissed the TEDRA petition and declined to award attorney fees to either party.

Jeffrey appeals the trial court's order dismissing the TEDRA petition.

ANALYSIS

A. TEDRA PROCEDURE AND STANDARD OF REVIEW

In a TEDRA action, the trial court's "initial hearing must be a hearing *on the merits* to resolve all issues of fact and all issues of law" unless a party requests otherwise. RCW 11.96A.100(8) (emphasis added). TEDRA provides for the resolution of disputed issues on a written record rather than by trial; RCW 11.96A.100(7) states that the testimony of witnesses at

the hearing on the merits may be by affidavit. *See In re Estates of Foster*, 165 Wn. App. 33, 55, 268 P.3d 945 (2011). The trial court can make factual findings without hearing oral testimony.[5] *Id.*

The standard of review for a TEDRA hearing on the merits based on a written record is somewhat unclear. We typically review a trial court's factual findings for substantial evidence, which is evidence sufficient to persuade a rational, fair-minded person that the finding is true. *In re Estate of Hayes*, 185 Wn. App. 567, 609, 342 P.3d 1161 (2015). The trial court's decision that Myurlin, Janice, and Wes intended to open a joint account with right of survivorship was a factual finding.

On the other hand, the general rule is that review is de novo if the trial court's decision is based entirely on written documents and the trial court was not required to evaluate witness credibility, weigh the evidence, or address conflicting evidence. *Dolan v. King County*, 172 Wn.2d 299, 310, 258 P.3d 20 (2011). This rule has led some courts to state that "[d]ecisions based on declarations, affidavits, and written documents are reviewed de novo." *In re Estate of Bowers*, 132 Wn. App. 334, 339, 131 P.3d 916 (2006); *see also Hayes,* 185 Wn. App. at 608-09. But the Supreme Court in *Dolan* recognized that even when the record consists solely of written documents, the substantial evidence standard is appropriate "where competing documentary evidence must be weighed and issues of credibility resolved." 172 Wn.2d at 310.

---

[5] TEDRA also allows any party to request a summary judgment order in the pleadings or in a separate motion. RCW 11.96A.100(9). The parties suggest that the trial court decided the ownership of the money in the joint back account on summary judgment. But the record does not support the conclusion that the trial court treated Jeffrey's request for a hearing on the merits as a summary judgment motion. Jeffrey did not move for summary judgment and the trial court did not reference summary judgment or CR 56 during oral argument or in its final order.

Here, the trial court was presented with the document creating the joint account that did not mention a right of survivorship and a deposit receipt indicating that the account was with a right of survivorship. The court also had to consider the credibility of declarations Janice and Wes submitted and had to evaluate the weight of the bank employee's testimony about standard bank procedures. Given this competing evidence, we hold under *Dolan* that substantial evidence review is appropriate.[6]

B.      OWNERSHIP OF JOINT BANK ACCOUNT

Jeffrey argues that the trial court erred in finding that the joint bank account was with a right of survivorship and therefore that the money in the account belonged to the Parkers. We disagree.

1.      Legal Principles

RCW 30A.22.040(10) defines "joint account with right of survivorship" as "an account in the name of two or more depositors and which provides that the funds of a deceased depositor become the property of one or more of the surviving depositors." RCW 30A.22.040(11) defines "joint account without right of survivorship" as "an account in the name of two or more depositors and which contains no provision that the funds of a deceased depositor become the property of the surviving depositor or depositors."

RCW 30A.22.100(3) states that the deceased depositor's funds in a joint account *with* right of survivorship "belong to the surviving depositors unless there is clear and convincing evidence of a contrary intent at the time the account was created." In contrast, RCW

---

[6] As a practical matter, the standard of review is not significant here because we would affirm the trial court under the de novo standard as well.

30A.22.100(2) states that the funds of a deceased bank depositor in a joint account *without* right of survivorship generally belong to the depositor's estate.

The question here is whether the joint bank account Myurlin, Janice, and Wes opened was with or without a right of survivorship. No case has discussed in detail how a trial court should make that determination. However, Division Three of this court in *Taufen v. Estate of Kirpes* stated that the key issue is whether the depositor intended to create a right of survivorship at the time he or she opened the joint account. 155 Wn. App. 598, 601-02, 230 P.3d 199 (2010).

How the bank actually set up the account also seems to be a relevant factor to be considered in determining whether a joint bank account was with or without a right of survivorship. However, the bank cannot unilaterally decide to create a joint account with right of survivorship without discussing the designation with the depositor. *See id.* at 603-04.

Legal title to the money in a joint bank account is a question of law. *Id.* at 602. However, a party's intent generally is a question of fact. *See Hayes*, 185 Wn. App. at 609.

2. Admissibility of Bank Employee Testimony

As a threshold matter, Jeffrey argues that the trial court erred by admitting Dole's deposition testimony. He argues that the trial court should not have considered that testimony because Dole did not have personal knowledge of the account in question. We disagree.

We review the trial court's evidentiary decisions in a TEDRA action for abuse of discretion. *Id.* at 595. A court abuses its discretion if it makes a decision based on unreasonable or untenable grounds. *In re Estate of Evans*, 181 Wn. App. 436, 451, 326 P.3d 755 (2014).

ER 602 states in part, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Jeffrey argues that Dole admitted she lacked personal knowledge about the documents presented. He further argues that Dole did not have personal knowledge of the parties' intent because she was not present when the account was opened. However, Dole did not have to be present when the documents were executed in order to authenticate the bank's business records. And Dole did not offer any testimony about the parties' intent. Therefore, her lack of personal knowledge on those matters is immaterial.

Dole testified about the bank's procedures for opening a joint account and whether a bank employee would put a check mark next to "joint account with survivorship" without consulting the customers. As the branch manager for the previous 11 years, she had personal knowledge of those matters.

Therefore, we hold that the trial court did not abuse its discretion in admitting the Dole's deposition testimony.

3.   Analysis

Jeffrey primarily relies on the absence of any reference to a right of survivorship in the document creating the joint account. That document stated that the ownership of the account was joint, but made no mention of right of survivorship. Therefore, Jeffrey argues that the joint account here fell within the definition of "joint account without right of survivorship" in RCW 30A.22.040(11) – an account that "contains no provision that the funds of a deceased depositor become the property of the surviving depositor or depositors."

Jeffrey also relies on the letter Janice wrote to her siblings in which she referred to the money in the joint accounts as Myurlin's money. He claims that the letter represented an acknowledgement that Janice did not own the money.

8

However, the Parkers presented four types of evidence that support the trial court's finding that the joint account was created with a right of survivorship. First, both Janice and Wes – who were present with Myurlin when the account was opened – provided testimony that the account was set up as a joint account with right of survivorship. Neither Janice nor Wes provided a detailed or specific basis for their statements, but the statements were uncontroverted.

Second, Janice provided uncontroverted testimony that Myurlin, Wes, and herself all *intended* to create a joint account with a right of survivorship. She had personal knowledge regarding only her own intent. But "a witness who personally observes an event can state an opinion, conclusion, or impression as to the event and may testify 'about the state of mind of another, so long as the witness personally witnessed events or heard statements that are relevant to prove the other person's state of mind.' " *In re Estate of Black*, 153 Wn.2d 152, 167, 102 P.3d 796 (2004) (quoting *State v. Contreras*, 57 Wn. App. 471, 477, 788 P.2d 1114 (1990)).

Third, Dole testified that Key Bank currently considers any joint account to automatically include a right of survivorship. Under *Taufen*, the bank could not unilaterally create a right of survivorship. 155 Wn. App. at 603-04. And Dole did not have personal knowledge of the bank's policy when the account was opened. But her testimony provided an explanation for why the bank might not include "with right of survivorship" in the document creating the account.

Fourth, the deposit receipt had a check mark next to "joint account with right of survivorship." Dole testified that a bank employee would not have checked that box without asking the customers what their intentions were. This evidence creates an inference that Myurlin, Janice, and Wes told the employee completing the form that they wanted to set up a joint account with right of survivorship.

9

Jeffrey argues that the deposit receipt cannot be considered because it was not part of the contract of deposit. He points out that RCW 30A.22.060 requires a "contract of deposit" to be signed by all individuals who have a right to the account funds. Because none of the depositors signed the deposit receipt, Jeffrey claims that it was not part of the contract of deposit. But Jeffrey provides no authority for his suggestion that the designation of a right to survivorship must appear in the "contract of deposit."

In addition, Jeffrey argues that *Taufen* precluded the trial court from relying on the bank employee's checking the box for "joint with right of survivorship." In *Taufen*, the decedent opened a joint bank account without indicating whether she intended it to be with or without a right of survivorship. 155 Wn. App. at 600. A bank employee on her own designated the account as joint with a right of survivorship without consulting the depositor. *Id.* The court held as a matter of law that the employee's action did not establish the decedent's intent to form an account with right of survivorship. *Id.* at 604.

Here, unlike in *Taufen*, the Parkers presented evidence that the parties intended to create a joint account with right of survivorship. Although a bank employee checked the box next to "joint account with right of survivorship," Dole's testimony established that the employee would not have made the check mark without consulting the depositors. Therefore, the designation was not done unilaterally by the bank.

Under a substantial evidence standard of review, we hold that the evidence presented at the hearing on the merits was sufficient to support the trial court's finding that Myurlin, Janice, and Wes intended to create a right of survivorship and that the bank set up the account that way.

Accordingly, we hold that under RCW 30A.22.100(3) the money in the joint account belonged to the Parkers and not to Myurlin's estate.[7]

C.    TRIAL COURT DENIAL OF ATTORNEY FEES

Jeffrey argues that the trial court erred by declining to award attorney fees to him for pursuing the TEDRA action. We disagree.

RCW 11.96A.150(1) states that a trial court, in its discretion, may award attorney fees to any party "in such amount and in such manner as the court determines to be equitable" based on "any and all factors that it deems to be relevant and appropriate." This statute gives the trial court broad discretion regarding the award of attorney fees in relation to the resolution of trust and estate disputes. *In re Estate of Mower*, 193 Wn. App. 706, 727, 374 P.3d 180, *review denied*, 186 Wn.2d 1031 (2016). We review a trial court's decision whether to award attorney fees under RCW 11.96A.150 for an abuse of discretion. *Id.*

Jeffrey argues that he was entitled to attorney fees because he brought the TEDRA action in good faith. But Jeffrey does not provide any authority for the proposition that filing a TEDRA petition in good faith entitles a party to recover attorney fees under RCW 11.96A.150. And he does not explain how the trial court abused its discretion. Accordingly, we hold that the trial court did not err in declining to award attorney fees to Jeffrey.

---

[7] Jeffrey also argues that the trial court erred by not imposing a constructive trust on the money in the joint bank account because Janice was unjustly enriched by her appropriation of the account assets. But because we hold that money in the joint bank account belonged to the Parkers rather than to the estate, there is no basis for imposing a constructive trust on that money.

No. 49722-1-II

D.    ATTORNEY FEES ON APPEAL

The Parkers request reasonable attorney fees on appeal under RCW 11.96A.150. RCW 11.96A.150(1) allows a court to award attorney fees to any party in a TEDRA action, and the statute expressly applies to appellate courts.

Under RCW 11.96A.150(1), we may award attorney fees "in such amount and in such manner as the court determines to be equitable" based on "any and all factors that it deems to be relevant and appropriate." We exercise our discretion and award reasonable attorney fees on appeal up to $5,000 to the Parkers.

CONCLUSION

We affirm the trial court's order dismissing the TEDRA petition. In addition, we exercise our discretion and award attorney fees on appeal up to $5,000 to the Parkers.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, A.C.J.

We concur:

JOHANSON, J.

SUTTON, J.

12